**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**EDWIN PUGA,**

        **Plaintiff,**

  v.                                            No. 9:11-CV-70 (TJM/CFH)

**CELIA CHOTO, Correction Officer, Great Meadow Correctional Facility; LAWRENCE PERRY, Correction Officer, Great Meadow Correctional Facility; RONALD LAMB, Correction Officer, Great Meadow Correctional Facility; TIMOTHY LEMERY, Correction Officer, Great Meadow Correctional Facility;**

        **Defendants.**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| COOPER, ERVING & SAVAGE<br>Attorneys for Plaintiff<br>39 North Pearl Street<br>Fourth Floor<br>Albany, New York 12207 | KIMBERLY G. FINNIGAN, ESQ. |
| HON. ERIC T. SCHNEIDERMAN<br>Attorney General for the<br>State of New York<br>Attorney for Defendants<br>The Capitol<br>Albany, New York 12224-0341 | CATHY Y. SHEEHAN, ESQ.<br>Assistant Attorney General |

**THOMAS J. McAVOY**
**Senior United States District Judge**

## DECISION and ORDER

**I.    INTRODUCTION**

    Plaintiff Edwin Puga ("Puga"), an inmate currently in the custody of the New York

Department of Corrections and Community Services ("DOCCS"), brought this action *pro*

1

*se* pursuant to 42 U.S.C. § 1983 alleging defendants violated his Eighth Amendment rights by subjecting him to excessive force. Compl. (Dkt. No. 1). In answering the complaint, the defendants pled, *inter alia*, the affirmative defense of failure to exhaust administrative remedies. Dkt. No. 16.

On May 8, 2013, defendants filed a letter motion seeking a hearing to resolve the issue of Puga's exhaustion of administrative remedies. Dkt. No. 37. By text order dated August 16, 2013, the Court granted defendants' letter motion and referred the evidentiary hearing to the Hon. Christian F. Hummel, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c). Dkt. No. 39.

Magistrate Judge Hummel conducted an evidentiary hearing and rendered a Report-Recommendation & Order on November 4, 2013. Dkt. No. 50. At the evidentiary hearing, Puga was represented by assigned counsel. In the Report-Recommendation & Order, Magistrate Judge Hummel recommended that Puga's complaint be **DISMISSED** based upon the failure to comply with the exhaustion requirements of 42 U.S.C. § 1997e(a). Id.

Puga did not submit objection to Magistrate Judge Hummel's recommendation within the statutory time period but did submit objections, *pro se*, on February 20, 2014. Dkt. No. 20. In his objections, Puga asserts that he received the Report-Recommendation & Order from his attorney and asked that she file objections and provide him a copy of the objections. Id.¶ 14. He further asserts that he waited approximately 90 days but, because he did not receive a copy of any objections, he filed objections *pro se*. Id. ¶¶ 14-15.

2

## II. STANDARD OF REVIEW

After reviewing a report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1)(C).

## III. DISCUSSION

### a. Timeliness of Objections

Magistrate Judge Hummel's November 4, 2013 Report-Recommendation & Order, which Puge admits he received and reviewed, Dkt. No. 20, ¶ 13, provided:

> Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

11/04/13 Rep. Rec. & Ord., pp. 14-15 (emphasis in original).

This clear directive requires that objections were to be filed with the Clerk of the Court by November 18, 2013.[1] However, as indicated above, the objections were not filed until February 20, 2014 - 108 days after the Report Recommendation and Order.

Because Puga's objections were filed *after* the date that they were due, the issue of whether to consider the objections is governed by Fed. R. Civ. P. 6(b)(1)(B). This provides that a court "may, for good cause, extend the time on motion made after the time

---

[1] If the objections were to be filed by Puga himself, an incarcerated party, they would have been accepted no later than November 23, 2013.

3

has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "Excusable neglect is an 'elastic concept' that 'at bottom [is] an equitable one, taking account of all relevant circumstances surrounding the party's omission." Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 366 (2d Cir. 2003) (citations omitted). "Factors to be considered in evaluating excusable neglect include '[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'" Silivanch, 333 F.3d at 366 (alteration in original) (quoting Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993)). The Court places the most weight on the third factor. See Silivanch, 333 F.3d at 366. The Second Circuit has repeatedly held that "where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the Pioneer test." Silivanch, at 366-67; see also Redhead v. Conference of Seventh-Day Adventists, 360 Fed. Appx. 232 (2d Cir. 2010); Canfield v. Van Atta Buick/GMC Truck Inc., 127 F.3d 248, 251 (2d Cir. 1997).

Assuming, *arguendo*, that Puga asked his attorney to file objections, given the short time period to file objections it was unreasonable for him to wait 90 days before he decided to take an active part in the objection process. Simply stated, the opportunity to file *pro se* objections long before they were actually filed was in the reasonable control of Puga. By waiting 108 days to file objections knowing that objections were due within 14 days, Puga fails to establish excusable neglect.

Accordingly, Puga's objections are deemed untimely and will not be considered.

### b. Objections

Even if the objections were considered, Puga merely reargues his case as presented to Magistrate Judge Hummel. General or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error. <u>Farid v. Bouey</u>, 554 F. Supp. 2d 301, 306 n. 2 (N.D.N.Y. 2008); see <u>Frankel v. N.Y.C.</u>, 2009 WL 465645 at *2 (S.D.N.Y. Feb. 25, 2009).

### III. CONCLUSION

Having reviewed the Report-Recommendation and Order, the Court finds that it is not subject to attack for clear error or manifest injustice. The Court accepts and adopts Magistrate Judge Hummel's recommendations for the reasons stated in his thorough report. Puga's complaint is **DISMISSED** based upon the failure to comply with the exhaustion requirements of 42 U.S.C. § 1997e(a).

**IT IS SO ORDERED.**

**Dated:** February 21, 2014

_____
Thomas J. McAvoy
Senior, U.S. District Judge